and we'll call the first case please 3 11 0 5 2 9 people of the state of illinois appellee thomas arado versus aaron kazengo appellant ted allen mr arado good morning your honor welcome back oh thank you we're going to call this uh may it please the court good morning your honors counsel thomas arado for the appellant actually people of people of the state of illinois we did not request oral argument so i will be brief in my comments essentially the briefs i believe have covered most of the issues comes down to whether the compulsory joiner statute applies uniform citation and we have asserted as the supreme court has stated that they do not alternatively there should be no surprise to the defendant that alcohol was involved and that he was subsequently charged with dui under a2 so i will refer use remaining well i'll use rebuttal to respond to mr uh hamill's comments okay thank you all right thanks mr arado mr hamill it does come on up here good morning that's the thing that's important in this case to stress a couple important facts is what actually happened because there are no facts as to allegations it's all strictly procedure my client gets arrested december 19th i filed speedy trial i filed a jury trial demand motion for discovery december 20th now back then in 2010 there was a case this is the eyebrow bomb games but the supreme court whether or not he had to do have a first return date within 60 days that was reversed but the state based on that followed the motion to advance the arraignment they followed the motion to advance the arraignment to february they filed it january 21st return date february 4th so we're in court february 4th so my point is why is that important because they open up the file they see citations they see a citation of a file we strike the original return date set up for pre-trial to april 7th we asked for discovery petition resend we took care of we uh withdrew it set up for april 7th and april 7th and i told speedy there's no doubt i told speedy and i put it right in the order in my opinion against the trial by jury against the charges pending which was leaving the scene which is the citation numbers on the waiver trial by jury as well as dui now we set a trial date of june 3rd june 2nd the state files an emergency motion for granting leave to file an information saying two counts a2 alcohol a5 drugs and alcohol i don't know what they're leaving the scene if they wanted to do that or not but that wasn't addressed they filed it we're in court a3rd because we were not before june 2nd so on june 3rd they have this motion presented i object the day of trial you want to file a2 i'm ready for trial on an a5 and i'm leaving the scene court grants it and i asked the court may i file a motion to dismiss even though i know i told the speedy there's no doubt i told the speedy to the charges pending court granted me leave i inadvertently put down motion reconsidering my motion was trying to get one on file that day and i put that in my brief that is in the permit for the motion to reconsider it wasn't because i filed an amended motion after that we go to hearing on the motion and the biggest issue at the hearing the two issues was was i on notice all right was i prejudiced those were the two things you see in the transcript was i noticed was i prejudiced and i said to the court yeah i if i came to court on those three days and looked at the file and saw the charges and read discovery and said i'm ready on my a5 and leaving the scene which means the reverse is true the state came to court looked at the file they saw a5 and leaving the scene as well it wasn't a shock to them i didn't understand the necessity for an argument of an emergency nature of a motion to add an additional charge what they're arguing my motion to dismiss was how was i prejudiced well because to me there's a big distinction when you go to trial especially when i wait jury on the distinction of defending an a5 versus an a2 and in their argument they said well a5 encompasses a2 and i disagreed because a2 is a distinct defense okay so you've got an a5 yes and you think can you go make a closing argument you know your honor they proved that my client was blasted out of his mind but it was all alcohol and so therefore he wins therefore it's a defense verdict because he didn't prove anything but alcohol is that a defense to an a5 i don't know if that's an exact defense i don't know if i would exactly put it that way and i suspect you wouldn't i was but the attorneys are going to try to do that yes but it's not just necessarily the defense justice it's the questions that i ask of the officer because in an a5 he has to be just a little bit more it has to be quite a bit more qualified to say under the influence of drugs and alcohol and it's not just you're under the influence of alcohol you can consume it and it's not that you're just under the influence of drugs you can ingest it but you have to be under the combined influence and one more for you justice schmidt if they're saying that somehow i should have been on notice for a2 then i should have been on notice for a3 and i should be on notice for a4 where does it end because if they're saying somehow this encompasses a2 alcohol then it also encompasses intoxicating compounds which you can make a stretch that drugs are some type of intoxicating compound as well as a4 drugs alone so for me every time i come to court they're going to give me a new charge which i should have been prepared for from their argument just because of the nature of the first charge a5 which would to me is dramatically unfair coming on the day of trial after 160 days and on a5 they have to show that it actually impaired his ability to drive i put the injuring instruction in my brief but i think a2 to a5 are what they call you you want to use the term the impairment offenses and a1 and a6 are per se but even though i know i was back before this court a long time ago in allen where they tried to stretch an a6 on breath alone so in theory they could bring in a charge when i come back if i go back for an a3 intoxicating compound a4 drugs alone as well as a6 something on his breath so my point is is it possible that yeah i could still do a trial but it would be dramatically different is how i cross-examine an officer compared to a5 alone a5 and a2 a5 a2 a4 a5 a2 a3 a4 and a6 it's dramatically different how i cross-examine an officer and then i put into the how they quote it the hobsons argument do i hobson's choice sorry judge justice yes a little nervous um the hobson's choice do i continue the case to be to prepare myself because i don't want to prejudice my client or do i have to go right now the second and that's not fair to me on the day of trial there's one thing for certain i do not have control over the state's case i never have they have control over their case and that's exactly what i said to judge palito who heard the argument i said i don't it's i don't believe i have to prove prejudice on myself today because i've come into court for ready for trial for a5 it was a5 um february 4th april 7th and june 3rd it's always been a5 now on june 3rd the day of trial they change their mind but it's my fault for not anticipating they decide to change their mind which i find which is now the reverse because i've been here a few times where the gotcha argument has been placed on me it's the gotcha argument in reverse now if i go back can they bring in an information for an a4 can they bring in an information for a3 intoxicating compounds and if i had had cases where people say cannabis is an intoxicating compound as well as an a6 cannabis is not a problem so it becomes where does it end where does the cycle end now at the trial court we argued prejudice and i should have known and it's it's all you know mr hamill's aware we didn't get into the great debate of citation versus information and i put that down in my brief as then the state they waived that argument down there but if the court decided that that was incorrect i was going to address that as saying in all the cases where the courts have made the argument citation to an information all the one i put in my brief have to do with somebody trying to avoid a higher penalty always trying to avoid the felony we weren't trying to avoid anything we were going to trial we were going to trial from a misdemeanor to a misdemeanor we weren't going to trial from a misdemeanor to a felony except one i think was hogan and hogan he had a possession of cannabis and that it from the way i read that case in the hogan which i cite in my brief it sounded more like that was a ordinance violation and the dui was a criminal violation state case and they sent them to different rooms and they could you can't plead to one and say exclude the other but that's not what we have here we have here equal playing field but we have a jackson case from the illinois supreme court that the compulsory joinder rule doesn't apply is that right well and jackson and i'm i believe the quote in jackson says we don't believe that the legislator intended to plead to a traffic offense and avoid prosecution for a more serious felony and i agree with that uh justice carter we're not trying to avoid any type of felony there's no felony here to avoid we went out we didn't plead we want we're ready to go to trial so i agree with the principal in jackson is the defendant trying to avoid something no but is the jack is my client trying to make sure we have a level playing field isn't the principle in jackson that the compulsory joinder rule doesn't apply to these traffic citations i would say that the principles apply if somebody's trying to deviate or not be trying to circumvent a more serious charge of a felony because like i said in jackson the crow case jackson kaiser wouldn't it be for the supreme court of illinois to uh indicate that rather than for an appellate court because right now they've they address the statutory issue whether the to a citation kind of situation they said no yes but i believe that they they made that decision in those circumstances of a felony to a misdemeanor to a felony offense that they it never this never sprang up the idea that somebody was trying to avoid a prosecution from a misdemeanor to a misdemeanor because clearly it is procedurally um it procedurally prejudicial against my client to say that you could wait 160 days justice carter like i said if i go back if i go back to uh courtroom 303 i think this case originated the state can come in the next day on may 4th well if the compulsory joinder rule doesn't apply then the trial court was in error in dismissing for speedy trial purposes but i think the compulsory joinder rule does apply that they that these charges are supposed to be joined at the same time so your rule would be that uh the supreme court's jackson decision would uh apply uh if the person was trying to avoid a felony but compulsory joinder uh would apply if uh uh would not apply i mean it would be different if it was a misdemeanor right between felony and misdemeanors the way you'd interpret the compulsory joinder rule yeah if we were if mike if we were trying somehow trying to avoid a more serious offense which the quote out of the uh in crow case in 1990 they cite from the 1987 jackson supreme court regarding the intention of the legislatures in making that rule let me just would it be your argument that in jackson the supreme court was only deciding the case in front of it i would say that that was that was the one issue in front of it they couldn't think of the whole spectrum of possibilities but the biggest thing here is uh justice schmidt is that to me it's just prejudicial against my client myself to come in on the day of trial and say we knew about it from day one we took no action from day one and we're hiding behind a rule that was intended to keep a person from being charged with a more serious felony offense and yet we can go back to court and file an additional charge and there's really nothing you can do about it because the time doesn't count so i am fearful of an a4 of an a3 of an a6 and as well as a leaving the scene count because i really don't know what happened to that count in this thing they only charge it as a two count um but as the i'm sure if you ask me i'm not going to ask now that's my biggest concern is me as just discouraging maybe i'm i'm not in a position to ask anything of the supreme court to decide this case and you all have more of a way of addressing that for a supreme court but well sometimes we don't i guess well no but i wish taking into consideration the prejudice against my client and coming to court on the day of trial and saying that because to me that i prepare for an a5 and i prepare for cross examination as to an a5 which is radically different from trying to prepare from a5 and an a2 the way i do it and i do a lot of dui trials and i just i do them and get ready to go right under the officer again but i'm just wondering too uh if if they prove an a2 that you're charging a5 but all they prove is alcohol so they said okay it's a combination of x amount of alcohol plus zero drugs equals impairment we got a comment you know does that work i don't know with like everything else your honor i guess it depends on what court we're in front of do i do a bench or a jury i mean that's the other point point justice carter i waive my right to a trial by jury on the a5 and leaving the scene and then they give me an a2 do i have part jury part bench and i know the supreme court didn't anticipate that in the jackson scenario but you know i believe that that argument if the court found that that they waived that argument and so be it but i was addressing it in the in the idea that if the court found they didn't and i better address it here that's this time oh fine thank you for your time thank you mr hamill mr arano let me ask you something if compulsory jointer doesn't apply to this situation and a person's charged with a misdemeanor type traffic can he walk after he walks into court please guilty can the state come back the next day and charge him with another offense out of the same traffic incident well another misdemeanor other words um i believe that is a uh similar situation if it was crow or jackson their defendant had been charged with but i i under i but in jackson we're talking about what happened i remembered this whole next cop i remembered all the time with a fatal accident or near fatal accident you'd write a traffic ticket and all the guys in the hospital dying the guy would run in to the uh failing to signal a turn meanwhile then they come back there was an issue could not be charged with reckless homicide that's kind of what that was all about but here but so and and what the supreme court said was he goes in and pleads guilty to failure to signal a turn or whatever it is then there's no compulsory jointer uniform so they can come back and still charge another felon now my question is if you get stopped on the way home from here get a traffic ticket for speeding and then you and from that stop and you'll walk in tomorrow next week and pay the ticket the week later can the officer come in and says you know what he didn't signal the lane change too and and when i stopped in that day and now i'm going to give him a ticket for failing to signal the lane turn that i forgot to give him that day when i had him stopped for speeding can he do that i think double jeopardy might apply in that situation we this case wasn't resolved that wasn't the situation in this case i mean the situation is that we're prior to trial we have a a5 charge and then they amend file amended information saying we want a2 and a5 so i think that your scenario we would have a different constitutional principle involved well but kind of compulsory jointer and and double jeopardy i mean that there's a that there's a they got at least a gene or two in common don't they aren't they kind of all about the same thing in some respect at least have some similarities to to a certain respect except i would again point to the fact the Illinois Supreme Court has as unequivocally stated that compulsory jointer statutes don't or but don't you have to read that in light of the context of the issue that they were faced with in other words just taking that phrase out of context and saying it can never compulsory jointer can never apply to to a misdemeanor or something charged on a uniform citation you know i believe that the Supreme Court was was very clear on that and Mr. Hamill's point that okay it's bad if the defendant wants to avoid a felony offense but it's okay if he's just trying to avoid a misdemeanor i mean that doesn't seem to make much sense what did the state know what did the state know on the day they modified this charge that they didn't know two months earlier the same thing that that defendant knew that there was alcohol involved so how was their prejudice but but you changed it to alcohol and drugs and what's the purpose what's the purpose of the change of the charge purpose of the change of the charge is that they wanted to make it more clear that the alcohol was involved isn't it an easier prosecution to an extent because you don't have to show you don't have to get into the proof of any other drugs however the again it's still not a surprise because you're going to go up there and do a cross-examination of the police officer and that's going to involve where was he had he consumed alcohol to your knowledge and then so i think that they didn't say if it isn't your defense the that you're preparing for is the combination offense and as i say alcohol is a little easier to lay witness to talk about alcohol but when we get into drugs it's a more of a technical experiential requirement for the witness to be giving testimony yes but it doesn't change the fact that there was you can still ask him about alcohol and your point is if he defendant was all the proof is he's drank 50 beers right before he got into his car i mean are we going to say that is that a not guilty i don't know the answer to that question i wouldn't think so yeah any combination of of languages under combined influence of alcohol other drugs drugs or intestine compounds well as you say could you argue that 0.30 plus zero is a measly requirement is a what i'm sorry i couldn't hear your last words 0.30 and nothing else is probably dead but uh no no some people aren't dead so i'm sorry well there's no evidence of the conjunctive uh ingesting of drugs and you have uh five beers are you convicted under the a-file you could make an argument to the jury or to the judge about it what do you think this is a day of trial it's more likely that what happened when got in here and a young prosecutor opened the file and looked at this there oh oh i got no there's i got no proof of anything other than alcohol yeah theoretically you could ask for a minute right then i mean amendments happen all the time i mean you know if a defendant is charged with murder but and there's a knife and a gun used and they only charged him and the fact was that he had a knife and then they realized oh wait a they can amend that to say gun and always said i was i was only preparing my defenses to the knife then usually the response is will you need a continuance or thank you okay thank you mr arado well thank you both for your arguments here this morning it's kind of interesting so uh it's fun uh uh written disposition will be issued the matter taken under advisement written disposition will be issued right now the court will be